[S. F. No. 5589. In Bank.—September 1, 1911.]

## R. C. MOODEY, Respondent, v. CONNECTICUT FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT (a Corporation), Appellant.

FIRE INSURANCE—FALLEN BUILDING CLAUSE—EVIDENCE.—In an action upon a policy of fire insurance, in which the defense was a breach of the "fallen building" clause, the evidence is reviewed and is held to show that a portion of the building sufficient to establish the defense had fallen prior to the fire.

ID.—AVOIDANCE OF POLICY—INCREASE OF FIRE RISK.—In order to avoid a policy of fire insurance, under a provision therein that "if a building, or any part thereof, fall, except as a result of fire, all insurance by this policy on such building or its contents shall immediately cease," it is not necessary that the falling of the portion of the building should have increased the fire risk.

APPEAL from an order of the Superior Court of Sonoma County refusing a new trial. Thomas C. Denny, Judge.

The facts are stated in the opinion of the court.

A. B. Ware, and T. C. Van Ness, for Appellant.

Thomas J. Geary, for Respondent.

MELVIN, J.—This is an appeal by defendant from an order denying its motion for a new trial. The policy was formally the same as those considered in *Fountain* v. *Connecticut Fire Insurance Co.,* 158 Cal. 760, [139 Am. St. Rep. 214, 112 Pac. 546], and *Davis* v. *Connecticut Fire Insurance Co.,* 158 Cal. 766, [112 Pac. 549]. As in those cases the defendant depended upon the "fallen building" clause in the policy, the entire defense being based upon the allegation and proof that a material portion of the building in which plaintiff's store was located had fallen as a result of earthquake before the fire attacked plaintiff's goods. There was no attempt made in this case as in *Davis* v. *Connecticut Fire Ins. Co.,* 158 Cal. 766, [112 Pac. 549], to prove that the fire was in progress before any material portion of the building was shaken down. The uncontradicted testimony was that the fire did not reach the store owned by Moodey until long after the earthquake. This case is entirely analogous to the Fountain case. The evidence showed without any important contradiction that a material portion of the building had fallen before the fire occurred. That a substantial portion of the structure was destroyed by the earthquake there can be no serious doubt. The testimony of defendant's witnesses clearly established that fact and there was no contradiction of their statement by plaintiff's witnesses, worthy of notice. Irving Brush, called by plaintiff, testified that as far as he could see the rear wall of the building in which Moodey's store was located was standing a few minutes after the earthquake. He admitted that he did not look at the front of the building and that there might have been a small portion missing from the rear wall when he saw it. L. W. Burris testified that the top story of the Moodey building was "pretty badly shaken up," but that the lower story seemed to be nearly intact. Virgil Hoffer, another witness for the plaintiff, said, "I think that the whole of the front of the building occupied by Mr. Moodey was out. That's true, at the time I first went there."

It will thus be seen that, as in the Fountain case, there was really no conflict of testimony, and it was thoroughly proven that a portion of the building sufficient to establish defendant's case had fallen prior to the fire.

The following instruction was given: "It is not sufficient for the defendant, in order to avoid its policy, to establish the

fact that the building described in the policy in suit had, before it began to burn, if you find that it was burned, suffered some injury, or that any part of the walls of said building had fallen before the contents of the building were destroyed by fire, to avoid its policy herein; but the defendant must establish by a preponderance of evidence that such material portion of the building had fallen before the fire started as would have increased the fire risk which defendant assumed by its policy on such building and its contents. And if the evidence does not establish the falling of such a material portion of the building, then I instruct you to find for the plaintiff." This same instruction was carefully considered by the court in *Fountain* v. *Connecticut Fire Ins. Co.,* 158 Cal. 760, [139 Am. St. Rep. 214, 112 Pac. 546], and the giving of it declared to be error. It is not necessary to review any of the other points made, as the case cannot be tried again unless evidence decidedly different from that presented at the former trial may be secured.

The order from which this appeal is taken is reversed.

Sloss, J., Henshaw, J., Shaw, J., Angellotti, J., and Lorigan, J., concurred.